UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADADELE ROBERTSON                                         CIVIL ACTION

VERSUS                                                    No. 09-1724

NATIONAL FLOOD INSURANCE                                  SECTION I/4
PROGRAM

# ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) or, alternatively, for summary judgment filed by defendant, the National Flood Insurance Program ("NFIP") through the Federal Emergency Management Agency ("FEMA").[1] Plaintiff, Adadele Robertson, opposes the motion. For the following reasons, the motion for summary judgment[2] is **GRANTED**.

## *BACKGROUND*

Plaintiff's home sustained flood damage when Hurricane Katrina made landfall on August 29, 2005. At that time, plaintiff's home was insured against flood damage by a Standard Flood Insurance Policy[3] ("SFIP") issued by NFIP. The SFIP provided coverage up to $79,200 for flood damage to Robertson's dwelling.[4]

---

[1] R. Doc. No. 11.
[2] Given that this Court has taken into consideration matters outside the pleadings, and the Defendant has filed an Alternative Motion for Summary Judgment, this matter will be reviewed under the summary judgment standard.
[3] Plaintiff's SFIP policy number is RL00017940, and the policy's effective period was October 29, 2004 – October 29, 2005. R. Doc. No. 11-4.
[4] R. Doc. No. 11-4.

1

In the aftermath of the storm, Robertson filed a claim to recover under her policy. NFIP sent an independent adjuster to Robertson's property on October 2, 2005.[5] On November 2, 2005, NFIP issued a payment to Robertson in the amount of $50,198.78 marked "Final Flood Claim Payment for Building Loss." Plaintiff accepted and cashed the check.[6]

Plaintiff now seeks to recover the remainder of her policy limits. Plaintiff has not, however, filed a proof of loss documenting her additional claim as required by her SFIP.[7] Defendant filed this motion to dismiss or for summary judgment arguing that plaintiff's failure to file a proof of loss is fatal to her claim.[8]

*LAW AND ANALYSIS*

**I.    STANDARD OF LAW**

A.    Summary Judgment Standard

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

---

[5] R. Doc. No. 11-4.
[6] R. Doc. No. 11-4.
[7] R. Doc. No. 11.
[8] Defendant also alleges that plaintiff's lawsuit is not timely pursuant to 42 U.S.C. § 4072. Because of this Court's ruling with respect to the proof of loss issue, the Court need not reach this argument.

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

B.      The National Flood Insurance Act

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4129 (2006), and it is administered through the Federal Emergency Management Agency ("FEMA"). Wright v. Allstate Ins. Co. (Wright I), 415 F.3d 384, 386 (5th Cir. 2005). FEMA sets the terms and conditions of all federal flood insurance policies, and these policies must be issued in the form of a SFIP. See Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998).

"[P]ayments on SFIP claims come ultimately from the federal treasury." Wright I, 415 F.3d at 386. Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly construed and enforced. Id. at 387. "Under the

3

Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" Id. (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424 (1990)). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Id. at 388.

C. Compliance with SFIP Requirements

An insured must strictly comply with the requirements of the SFIP in order to recover. See Gowland, 143 F.3d at 954 ("[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced...."); Durkin v. State Farm Mut. Ins. Co., 3 F.Supp.2d 724, 728 (E.D.La.1997) (Vance, J.) (granting a motion for summary judgment because the plaintiff had not submitted an inventory to the insurer that met SFIP requirements). The insured may not file a lawsuit "unless [he has] complied with **all** the requirements of the [SFIP]." 44 C.F.R. pt. 61, app. A(1) art. VII. R., (emphasis added). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator." 44 C.F.R. § 61.13(d); Gowland, 143 F.3d at 953.

II. **DISCUSSION**

Where, as here, an insured wishes to recover under an SFIP after a dispute over lack of payment or partial payment, a plaintiff must strictly comply with all of the requirements of the SFIP, including the proof of loss and supporting documentation requirements. See Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053, 1056 (5th Cir. 2008) (citing Richardson v. American Bankers Ins. Co., 279 F.App'x 295 (5th Cir. 2008));

4

Eichaker v. Fidelity Nat'l Prop & Casualty Ins. Co., 2008 WL 2308959, at *3-4 (E.D.La. June 3, 2008).

Defendant contends, and plaintiff does not contest, that plaintiff did not provide a proof of loss prior to filing this lawsuit. Plaintiff alleges that her property was damaged during Hurricane Katrina in August, 2005. Under the SFIP, plaintiff was required to file a sworn proof of loss within one year of the date of loss. See Richardson, 143 F.3d at 954. An NFIP participant is not permitted to file a lawsuit without satisfying the proof of loss requirement. Id. Plaintiff should have filed her sworn proof of loss no later than August 29, 2006. Because she did not do so, plaintiff is barred from asserting a SFIP claim.

While plaintiff concedes that a proof of loss was not filed, she argues that an issue of material fact remains because FEMA might waive the proof of loss requirement.[9] This argument ignores the clearly established rule that courts must strictly construe the requirements of the SFIP. A sworn proof of loss is "a condition precedent" to bringing litigation. Marseilles, 542 F.3d at 1055.

Lastly, plaintiff contends that her equal protection and due process rights were violated because FEMA has given waivers in some cases but refuses to do so for her. Putting aside the fact that plaintiff provides no evidentiary support for this assertion, this argument was rejected in Wientjes v. American Bankers Ins. Co. of Florida, 2009 WL 2391407 at *2-3 (5th Cir. 2009) (per curiam). Accordingly,

---

[9] Additionally, plaintiff argues that, pursuant to Rule 56(f), the Court should delay its ruling pending further discovery. "A non-movant seeking relief under Rule 56(f) must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact." Adams v. Travelers Indem. Co. of Connecticut, 465 F.3d 156, 162 (5th Cir. 2006). Additional discovery will not create an issue of material fact because plaintiff's argument is foreclosed by the Wientjes decision.

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** and plaintiff's claims against NFIP are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, October 26, 2009.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**